IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHELL OIL PRODUCTS COMPANY | § | |
| LLC and MOTIVA ENTERPRISES, LLC | § | |
| *Plaintiffs*, | § | Civil Action No. 4:08-cv-01309 |
| | § | |
| v. | § | |
| | § | |
| CLASSIC INDUSTRIES, LP, ET AL. | § | |
| *Defendants*. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
SUR-REPLY REGARDING DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Shell Oil Products Company LLC and Motiva Enterprises, LLC (collectively "Shell-Motiva" or "Plaintiffs") file their Response to Defendants Classic Industries, LP, Classic Industries, Inc., Classic Architectural Products, LP, Classic Capital Management, LLC, RLW GP, Management, LLC, SKW GP, Management, LLC and Rickey L. Wilson's (collectively "Classic") Motion to Strike Plaintiff's Sur-Reply Regarding Defendants' Rule 12(b)(6) Motion to Dismiss, and would show the Court as follows:

### I.    Legal Standard and Argument

Whereas Classic was formerly content to misstate and distort the Federal Rules and the Local Rules, it has now taken to rewriting the rules altogether.  Classic's Motion to Strike boldly proclaims that "The Federal Rules of Civil Procedure and the <u>Local Rules of this Court</u> do not allow sur-replies without leave from the Court…"  Classic's Motion to Strike at p. 2 (emphasis

added).  Not surprisingly, Classic fails to support this declaration with any citation or authority. That is because there is none.   Contrary to Classic's representation, Local Rule 7 for the Southern District of Texas does not entitle the movant to "the last word."  *See* Local Rule 7 (providing for a motion and a response thereto).  Indeed, this Court has specifically observed that there is no Federal Rule or Southern District Local Rule requiring a party to obtain leave of court before filing a sur-reply.  *See In re Enron Corporation Securities*, 465 F. Supp. 2d 687, 691 (S.D. Tex. 2006).

Classic's Motion to Strike relies heavily on cases from the Northern District of Texas, particularly the *Lacher* decision, where the local rules do require leave of court before filing a sur-reply.  *See* Classic's Motion to Strike at p. 3, 4, and 5 (citing *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001).   This Court has specifically distinguished the *Lacher* decision, observing that it turns on a Northern District Local Rule that does not exist in the Southern District.  *In re Enron*, 465 F. Supp. 2d at 691 ("This Court observes that the *Lacher* court, 147 F. Supp. 2d at 539, relied on the Northern District of Texas' then-in-effect Local Civil Rule 7.1, which, after a motion had been filed, permitted a response by the nonmovant and then a reply by the movant.  The equivalent of that rule does not currently exist in the Southern District of Texas.").

Classic's Motion to Strike cites a single, unpublished, Southern District case where the Court granted an <u>unopposed</u> motion to strike a sur-reply.  *See* Classic's Motion to Strike at p.5 (citing *Kozak v. Medtronic, Inc.*, 2006 WL 237000, *4 (S.D. Tex. January 31, 2006)).  More recently, however, the Southern District has ruled that it will not strike a sur-reply to an "omnibus reply…as long as the surreplies respond to previous briefs and do not raise new legal arguments."  *In re Enron Corporation Securities*, 465 F. Supp. 2d 687, 691 (S.D. Tex. December

8, 2006); *see also Bradley v. Phillips Chemical Co.*, 484 F. Supp. 2d 604, 606 n.2 (S.D. Tex. 2007) ("Motion to Strike Surreply is denied to the extent that, in the interest of a full and fair adjudication of the dispute, the Court will consider all of the submitted pleadings.").

At twenty-seven pages in length, Classic's Reply Brief in Support of its 12(b)(6) Motion to Dismiss, is the very definition of an "omnibus reply." Moreover, Shell-Motiva's six page Sur-Reply, which only corrects Classic's misstatements of fact and law regarding Classic's limitations defense, specifically "respond[s] to previous briefs and do[es] not raise new legal arguments." *See In re*, 465 F. Supp. 2d at 691. Classic could not possibly be prejudiced by Shell-Motiva's six page Sur-Reply. Indeed, it was Classic who sandbagged Shell-Motiva by filing a twenty-seven page "supplement" to its original 12(b)(6) Motion, just three days before Shell-Motiva's Response was due. Between Classic's original 12(b)(6) Motion, its "supplement," its Reply, and now its Sur-Sur-Reply, Classic has filed ninety-seven pages of briefing on its 12(b)(6) defense alone (not to mention its extensive briefing under Rules 12(b)(1), 9(b), and more recently 12(e)). It is difficult to conceive how Shell-Motiva's six page Sur-Reply could possible prejudice Classic at this point. In the interest of a full and fair adjudication of this dispute, Shell-Motiva respectfully asks the Court to consider its six page Sur-Reply, and deny Classic's Motion to Strike. *See Bradley*, 484 F. Supp. 2d at 606 n.2.

## II.      Conclusion

WHEREFORE, PREMISES CONSIDERED, Plaintiff Shell-Motiva prays that the Court deny Classic's Motion to Strike Plaintiffs' Sur-Reply Regarding Defendants' Rule 12(b)(6) Motion to Dismiss.

Respectfully submitted,

*Of Counsel:*

s/ Paul C. Van Slyke

A. Shonn Brown
State Bar No. 24007164
Southern District No. 615288
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Telephone: 214- 740-8714
Facsimile:  214-740-8800
abrown@lockelord.com

Paul C. Van Slyke
Attorney in Charge
State Bar No. 20457000
Southern District No. 531
Bruce J. Cannon
State Bar No. 24055258
Southern District No. 675598
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis Street, Suite 3400
Houston, Texas  77002
Telephone:  713-226-1200
Facsimile:  713-223-3717
pvanslyke@lockelord.com
bcannon@lockelord.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SUR-REPLY is being filed electronically in compliance with Local Rule 5.1 on September 22, 2008.  As such, notice of electronic filing is being served on all counsel of record by the Court's electronic filing system.

s/ Seth M. Roberts
Seth M. Roberts